IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIRSTON JERMAINE DOWDELL, )<br>Reg. No. 17315-002, )<br> )<br>    Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>    Respondent. ) | CASE NO. 3:23-CV-541-RAH-KFP |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Petitioner Kirston Dowdell is before the Court on a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. 1. On January 5, 2018, Dowdell entered a guilty plea in this Court to one count of production of child pornography in violation of 28 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 28 U.S.C. § 2252A(a)(5)(B). *See United States v. Dowdell,* 2:16-cr-554-WKW (M.D. Ala. 2018). Following a hearing on October 11, 2018, the district court sentenced Dowdell on October 26, 2018, to a total term of imprisonment of 200 months on each count to be served concurrently. *See Id.* Dowdell did not appeal the judgment.

On September 12, 2019, Dowdell filed his first § 2255 motion presenting these claims:

> 1. His counsel was ineffective for failing to request at sentencing that the district court order his federal sentence to run concurrently with his anticipated state sentence.

> 2. Congress exceeded its Commerce Clause authority by regulating his intrastate production and possession of child pornography, and thus federal jurisdiction was improper in his case.
>
> 3. There was no proof of his knowledge of the interstate-commerce nexus of his conduct, which was a jurisdictional element of the offenses for which he was convicted.
>
> 4. The camera he used to produce images of child pornography did not give federal jurisdiction for the charges against him.
>
> 5. He had a constitutional right to possess obscene materials in the privacy of his home.
>
> 6. His federal convictions violated the constitutional prohibition against double jeopardy where he was also convicted of related state offenses.

*See Dowdell v. United States,* 3:19-cv-671-WKW-KFP (M.D. Ala. 2022). On May 25, 2022, the Magistrate Judge entered a Recommendation finding that all six of Dowdell's claims lacked merit. *Id.* at Doc. 18. On June 17, 2022, the District Court entered a Memorandum Opinion adopting the Magistrate Judge's Recommendation and entered a Final Judgment denying Dowdell's § 2255 motion and dismissing the case with prejudice. *Id*. at Docs. 19, 20.

In the instant § 2255 motion, filed on September 13, 2023, Dowdell alleges that, in violation of Federal Rule of Criminal Procedure 11, he did not knowingly enter into his guilty plea; he was improperly charged with production of child pornography instead of voyeurism based on the *Dost* factors test (*see United States v. Dost,* 636 F. Supp. 828 (S.D. Cal. 1986, ), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), and *aff'd,* 813 F.2d 1231 (9th Cir. 1987)); and restitution was improperly imposed because

damages were not proven. Doc. 1 at 4–11. For the reasons that follow, the Magistrate Judge finds that Dowdell's § 2255 motion should be dismissed as a successive motion improperly filed without the required appellate court authorization.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA) requires a movant to first file his § 2255 motion with the appropriate court of appeals and receive an order authorizing the district court to consider the motion before filing a second or successive § 2255 motion in district court. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, must certify that the second or successive § 2255 motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); *Jones v. United States,* No. 20-13365, 2023 WL 5963718, at *4 (11th Cir. Sept. 14, 2023).

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court thus lacks jurisdiction to consider a second or successive § 2255 motion where the movant fails to obtain the required permission from the appellate court. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Because Dowdell presents no evidence of having obtained the required authorization from the Eleventh Circuit to file a successive § 2255 motion, this Court lacks

jurisdiction to consider his successive § 2255 motion. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Sec'y, Dept. of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this § 2255 motion (Doc. 1) be DISMISSED for lack of jurisdiction because Dowdell failed to obtain the required authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion.

Further, it is ORDERED that by **October 10, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

DONE this 25th day of September, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE